IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIBERTY ART WORKS, INC., )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>ROYCE SHIELDS,   and )<br>ROYCE SHIELDS COMPANY, )<br>)<br>Defendant. )<br>)<br>) | Cause No.  4:13-cv-1428<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR COPYRIGHT INFRINGRMRNT

Plaintiffs, Liberty Art Works, Inc., (hereinafter "LIBERTY") through its counsel, for its Complaint against Mr. Royce Shields and Royce Shields Company (collectively "SHIELDS"), alleges that:

### NATURE OF THE CASE

1. This is an action for Copyright Infringement under the Copyright Act of 1976, as amended, 17 U.S.C. §101 *et seq* (the "Copyright Act").  Plaintiff seeks damages, punitive damages, attorneys' fees and costs and injunctive relief.

### THE PARTIES

2. Plaintiff LIBERTY, is a Missouri corporation with its principal place of business located at P.O. Box 38, Dutzow, Missouri 63342.  LIBERTY is in the business of offering products related to firefighters and law enforcement.

3. Upon information and belief Mr. Royce Shields, is a resident of Virginia, residing at 3179 Thompson Mill Road, Goldvein, Virginia 22720.

1

4. Upon information and belief, Royce Shields Company is an unregistered company with a place of business 3179 Thompson Mill Road, Goldvein, Virginia 22720.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions) because this action arises under the laws of the United States, specifically the Copyright Act, 78 U.S.C. §§501(a) and (b) and 502.

6. Personal jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants do business in this District and because they have committed acts of infringement in this District. In addition, this Court has personal jurisdiction over Defendants by virtue of their commission of tortious acts within the State of Missouri and this District, their transaction of business within the State of Missouri and this District.  The infringing products are available for sale in this District.

## COPYRIGHT INFRINGMENT

7. Plaintiff hereby incorporates by reference the allegations contained in all of the preceding paragraphs as if set forth fully herein.

8. Plaintiff LIBERTY owns Copyright Registration No. VA 1-847-655 for the Original Helmet Topper, titled "Bronze Fire Helmet Topper", (hereinafter the "Copyrighted Work").  A true and correct copy of the Certificate of Registration is attached as Exhibit A.

9. Plaintiff is, and at all relevant times has been, the copyright owner of the Copyrighted Work infringed upon by all Defendants.

10. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Work and to distribute the Copyrighted Work to the public.

11. On or about March 12, of 2013, Plaintiff obtained information and made observations leading them to conclude that Defendants had infringed the Copyrighted Work by producing and selling an infringing Helmet Topper (hereinafter the "Infringing Work").

10. A picture of the Original Helmet Topper and the Infringing Helmet Topper are displayed side-by-side below.




Exhibit B – Copyrighted Work          Exhibit C – Infringing Work

11. Defendants did not have authorization from Plaintiff to copy, manufacture, distribute, or sell the copyrighted Original Helmet Topper or make derivative works based upon it.

12. Defendants knew or should have known that the copyrighted Original Helmet Topper was and is owned by Plaintiff.

13. There is substantial similarity between the copyrighted work and the Infringing work.

14.	Defendants had access to the copyrighted work, as the Bronze Fire Helmet Topper has been sold to the public since about 1995.

15.	Without authorization from Plaintiffs, Defendants copied and upon information and belief continue to copy the Copyrighted Work of 17 U.S.C. §501(a).

16.	Defendants have impermissibly copied Plaintiff's Copyrighted Work with full knowledge of Plaintiff's ownership of copyright therein.  Defendants' infringement of Plaintiff's copyright in the Copyrighted Work has been willful and malicious and in conscious disregard for Plaintiff's rights.

17.	Plaintiffs have been damaged and continued to be damaged by Defendants' willful infringement of Plaintiffs' copyright.

18.	As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright law, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504 and to its attorney's fees and costs pursuant to 17 U.S.C. § 505.

19. The Defendants conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing of Plaintiff's copyright and ordering that Defendants destroy all copies of the Copyrighted Work made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE Plaintiff LIBERTY respectfully request that this Court enter judgment in its favor and against Defendants in Count I, II and III of this Complaint, and order the following:

a. that Defendants Mr. Royce Shields and Royce Shields Company be permanently enjoined from copying, reproducing, publishing, circulating or otherwise making use of Plaintiff's Copyrighted Work, pursuant to 17 U.S.C. §502;

b. that Defendants Mr. Royce Shields and Royce Shields destroy all existing copies of any materials or documents, molds, and/or manufacturing equipment pertaining to or containing any portion of Plaintiff's Copyrighted Work, pursuant to 17 U.S.C. §503;

c. award actual damages suffered by Plaintiffs LIBERTY from Defendants' infringement of the Copyrighted Work, plus any additional profits earned by Defendants from such infringement, pursuant to 17 U.S.C. §504;

d. award statutory damages suffered by Plaintiffs LIBERTY from Defendants' infringement of the Copyrighted Work, pursuant to 17 U.S.C. §504;

e. award Plaintiff's costs and reasonably attorney's fees expended in this action;

f. award costs and attorney's fees incurred by Plaintiffs; and

g. such other and further relief as the Court may deem just and proper.

***************

        Respectfully Submitted,

        POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.

By: <u>/s/ Scott A. Smith</u>
    Scott A. Smith, EDMO No. 55,870
    Ned W. Randle, EDMO No. 37,480
    Harley Blosser EDMO No. 27,823
    Polster, Lieder, Woodruff & Lucchesi, L.C.
    12412 Powerscourt Drive, Suite 200
    St. Louis, Missouri 63131-3615
    (314) 238-2400
    (314) 238-2401 (Telefax)
    E-mail: ssmith@polsterlieder.com
    ATTORNEYS FOR PLAINTIFF

Attachments:
Exhibits: A, B, and C